IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN JONES, Individually, and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>MEDICAL ADVANTAGE GROUP,<br><br>        Defendant. | )<br>)<br>)<br>)  Case No. 1:20-cv-07128<br>)<br>)<br>)  Jury Trial Demanded<br>)<br>)<br>) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Karen Jones ("Plaintiff" or "Jones") individually and on behalf of all other similarly-situated individuals (the "Collective"), by and through her attorneys, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., against Defendant Medical Advantage Group ("Medical Advantage" or "Defendant"), its subsidiaries and affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all other matters upon information and belief, and based upon the investigation by her counsel, as follows:

## NATURE OF THE ACTION

1. Representative Plaintiff contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*., by knowingly suffering and/or permitting her and the putative Collective members (as defined herein) to work in excess of 40 hours per week without properly compensating them at an overtime premium rate for these overtime hours.

2. Representative Plaintiff brings her FLSA claim pursuant to the collective action provision of 29 U.S.C. § 216(b) and seeks to recover unpaid wages and related penalties and damages for herself and other similarly-situated Trainers to remedy Defendant's practice and

policy of willfully failing and refusing to properly pay Representative Plaintiff and other similarly-situated Trainers all of their earned and accrued wages on their regular pay dates.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and the parties are residents of different states.

5.     This Court has personal jurisdiction because Defendant conducts business in this judicial district.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), since a substantial part of the events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this judicial district. Specifically, Plaintiff performed work for Defendant in Hinsdale, Illinois.

## PARTIES

7.     Plaintiff Karen Jones is a resident of Atlanta, Georgia and Long Island, New York and worked for Defendant as a Trainer in the Spring and Summer of 2019, providing assistance to Defendant's clients in using healthcare-related software. Specially, Plaintiff worked for Defendant from April 2019 to August 2019, remotely and physically at various healthcare settings throughout the country, including but not limited to, physically working in Arlington, TX, Atlanta, GA, and

Hinsdale, IL. At all relevant times, Plaintiff had been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

8. Medical Advantage's main function was to assist hospitals and healthcare organizations learn and navigate a new integrated health computer system. Defendant provides staffing services to customers throughout the United States, including Illinois.

9. Medical Advantage is a Michigan corporation that provides information technology support services in the healthcare and other industries across the country. Medical Advantage's principle place of business is located in Ann Arbor, Michigan. Medical Advantage provides its services to customers throughout the country.

10. At all times relevant, Medical Advantage was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d). Medical Advantage employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

11. Medical Advantage's annual gross volume of sales made or business done exceeds $500,000.

12. Medical Advantage was actively engaged in the conduct described herein. Throughout the relevant period, Medical Advantage employed Representative Plaintiff and similarly-situated Trainers within the meaning of the FLSA.

## FACTUAL BACKGROUND

13. Representative Plaintiff and others similarly situated are individuals who work or have worked for Defendant as a Trainer, or any other similarly-titled, hourly-paid position during the statutory period (collectively, "Trainers"). Among other things, Trainers all shared similar job

titles, training, job descriptions, job requirements, and compensation plans, among other things. Importantly, Representative Plaintiff and other similarly-situated Trainers were all paid an hourly rate of pay.

14. Medical Advantage, as a leading healthcare consulting firm, provides training and support to medical facilities in connection with the implementation and administration of integrated health computer systems, specifically, new electronic recordkeeping systems. Medical Advantage recruits and employs Trainers, such as Representative Plaintiff, to perform such training and support services to medical facilities throughout the country.

15. Defendant provides Representative Plaintiff and other similarly-situated Trainers with a contract setting out the terms of their work for Defendant.

16. Defendant determines the schedules for Representative Plaintiff and other similarly-situated Trainers, approves requests for expense reimbursements and/or time off, and approves the hours worked by Trainers.

17. Defendant provides Representative Plaintiff and other similarly-situated Trainers with directives regarding the work to be performed on their project assignments and the process to be followed at the conclusion of the project assignment, as well as daily updates to the Trainers' schedules.

18. Representative Plaintiff and other similarly-situated Trainers are supervised by Defendant's project managers during their time working for Defendant.

19. Defendant's financial results are significantly driven by the total number of trainings it provides. This number is entirely dependent on the number of Trainers Defendant has providing training and support services to its customers and the respective fees that Defendant charges its customers for these services.

20. Representative Plaintiff was improperly classified by Defendant as an independent contractor and was compensated on an hourly basis. Representative Plaintiff was paid $50 an hour. Representative Plaintiff and other similarly-situated Trainers regularly worked between 80-90 hours each week, but were only paid for 40 hours each week. Despite regularly working over 40 hours each week, all Trainers were denied overtime compensation (*i.e.,* one and one-half times their regular rate) for all hours worked over 40 each week.

21. Despite the fact that Representative Plaintiff and other similarly-situated Trainers did not meet any test for exemption, Defendant failed to pay them the requisite overtime rate of 1½ times their regular rate for all hours worked more than 40 hours per week.

22. Defendant improperly classified Representative Plaintiff and other similarly-situated Trainers as independent contractors, although the economic reality of the position is that of an employee, and Defendant retains the right and does, in fact, control their work.

### Representative Plaintiff and Other Similarly-Situated Trainers Are Employees as a Matter of Economic Reality

23. The work performed by the Representative Plaintiff and other similarly-situated Trainers is an integral part of Defendant's business. Defendant provides training and support to medical facilities across the country in connection with the implementation and administration of integrated health computer systems. Representative Plaintiff and other similarly-situated Trainers provide the support and training to Defendant's clients in connection with the implementation of the integrated computer systems.

24. Representative Plaintiff and other similarly-situated Trainers' work requirements did not include managerial duties; rather, they simply followed the training provided to them by Defendant to perform their work.

5

25. Representative Plaintiff and other similarly-situated Trainers make no significant investments related to the work they perform and have little or no opportunity to experience a profit or loss related to the work they perform for Defendant. Representative Plaintiff and other similarly-situated Trainers' income from their work is limited to their hourly rate.

26. Representative Plaintiff and other similarly-situated Trainers are economically dependent upon Defendant for its business, as they are not permitted to perform services for other companies during their employment with Defendant.

27. Representative Plaintiff and other similarly-situated Trainers have little or no authority to refuse or negotiate Defendant's rules and policies, as they simply must comply or risk discipline and/or termination.

**Representative Plaintiff and Other Similarly-Situated Trainers Routinely Worked Overtime Hours Without Being Paid Overtime Premium Compensation**

28. Representative Plaintiff and other similarly-situated Trainers routinely worked overtime hours but were not paid any compensation for hours worked over 40 in a week, including overtime premium compensation as required by the FLSA.

29. Representative Plaintiff and other similarly-situated Trainers were often required to work 12 hours per day, up to 7 days a week. Projects, on average, lasted a few weeks or months at a time.

30. Despite the fact that the Representative Plaintiff and other similarly-situated Trainers were required, permitted, and/or encouraged to work overtime hours, Defendant failed to pay them one and one-half (1½) times their regular rate of pay for all overtime hours worked, as required by the FLSA.

31. Rather, Medical Advantage required Representative Plaintiff and other similarly-situated Trainers to record only 40 hours each week yet billed its clients for the actual time they

6

worked. Representative Plaintiff and other similarly-situated Trainers were paid a straight hourly rate for only 40 hours each week, regardless of total number of actual hours worked. Representative Plaintiff and other similarly-situated Trainers were not paid on a salary basis.

32. Defendant knew, and was aware at all times, of the above-mentioned violations.

33. The conduct alleged above reduced Defendant's labor and payroll costs.

34. Representative Plaintiff and other similarly-situated Trainers were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of earned compensation, including overtime compensation.

35. As a result of Defendant's improper and willful failure to pay Representative Plaintiff and other similarly-situated Trainers in accordance with the requirements of the FLSA, Representative Plaintiff and other similarly-situated Trainers suffered lost wages and other related damages.

**Representative Plaintiff and Other Similarly-Situated Trainers Are Not Exempt**

36. Representative Plaintiff and other similarly-situated Trainers provide support and training to various healthcare staff across the country in connection with the implementation and administration of integrated health computer systems. Representative Plaintiff was not working as a computer systems analyst, computer programmer, or software engineer.

37. Representative Plaintiff and other similarly-situated Trainers' primary duties consisted of training and aiding various healthcare staff across the country with the implementation and administration of integrated health computer systems. Representative Plaintiff and other similarly-situated Trainers had little discretion in the performance of their job and worked within closely-prescribed limits provided by Defendant.

38. Representative Plaintiff and other similarly-situated Trainers were not paid on a salary basis.

39. Representative Plaintiff and other similarly-situated Trainers were not primarily engaged in work that was intellectual or creative and that required the exercise of discretion and independent judgment; they are not highly skilled and proficient in the theoretical and practical application of highly skilled specialized information or computer systems analysis, programming, or software engineering.

40. Representative Plaintiff and other similarly-situated Trainer's duties did not include: (i) application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications; (ii) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; or (iii) the documentation, testing, creation, or modification of computer programs related to the design of software or hardware for computer operating systems.

41. Trainers did not analyze, consult, or determine hardware, software programs or any system functional specifications for Defendant's clients.

42. Representative Plaintiff and other similarly-situated Trainers did not consult with Defendant's clients to determine or recommend hardware specifications. Representative Plaintiff and other similarly-situated Trainers did not design, develop, document, analyze, create, test, or modify a computer system or program.

43. Throughout the statutory period, Representative Plaintiff and other similarly-situated Trainers' primary duties were not related to the management of the business operations of Defendant or its customers.

44. Throughout the statutory period, Representative Plaintiff and other similarly-situated Trainers' primary duties did not require the use of discretion and independent judgment with respect to matters of significance.

45. Throughout the statutory period, Representative Plaintiff and other similarly-situated Trainers' primary duties were not the performance of work requiring advanced knowledge in a field of science or learning.

46. Throughout the statutory period, Representative Plaintiff and other similarly-situated Trainers did not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

47. Despite the fact that Representative Plaintiff and other similarly-situated Trainers did not meet any test for exemption, Defendant failed to pay Representative Plaintiff and other similarly-situated Trainers for all hours worked, including the requisite overtime rate of 1½ times their regular rate for hours worked over 40 per week. Rather, Defendant paid Representative Plaintiff and other similarly-situated Trainers their regular straight, hourly rate for only 40 hours each week regardless of the actual work time that they were encouraged, suffered, and permitted to perform.

**Defendant Willfully Violated the FLSA**

48. Defendant has no legitimate basis to believe that Representative Plaintiff and other similarly-situated Trainers were exempt from the overtime requirements of the FLSA. Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Representative Plaintiff and other similarly-situated Trainers for all time worked, including overtime compensation. Defendant's willful actions and/or willful failure to act, included, but were not necessarily limited to:

9

a. Defendant maintained payroll records which reflected that Representative Plaintiff and other similarly-situated Trainers did, in fact, regularly work overtime hours, and therefore, Defendant had actual knowledge that the Representative Plaintiff and other similarly-situated Trainers worked overtime hours;

b. Defendant knew that it did not pay Representative Plaintiff and other similarly-situated Trainers for all time worked, including one and one half (1½) times their regular rate of pay for all overtime hours worked;

c. Defendant's own documents, including but not necessarily limited to, job offer letters, employment agreements, and/or training materials for Trainers, reflect that Defendant was aware of the nature of the work performed by Trainers, and, in particular, that these individuals provided basic training and support to Defendant's clients with the implementation and administration of integrated health computer systems;

d. Defendant's own documents, including but not necessarily limited to, job offer letters, employment agreements, and/or training materials for Trainers, reflect that Defendant knew that it was subjected to the wage requirements of the FLSA;

e. Defendant was aware that the Trainers were not involved with: (i) computer systems analysis, computer programming, or software engineering; (ii) the application of systems analysis techniques and procedures; or (iii) the design, development, analysis, creation, testing, or modification of a computer system or program;

f. Defendant lacked any good-faith basis to believe that the Trainers fell within any exemption from the overtime requirements of the FLSA; and

    g.  Defendant was aware that it would (and did) benefit financially by failing to pay Representative Plaintiff and other similarly-situated Trainers for all hours worked, including overtime premium pay for all overtime hours worked, reducing labor and payroll costs.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

49.    Representative Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, and other damages related to Defendant's violation of the FLSA.

50.    Representative Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly-situated individuals:

> All individuals who currently work, or have worked, for the Defendant as a Trainer or any other similarly-titled, hourly-paid position, at any time within the preceding 3-years from the date of filing the complaint (the "Collective").

51.    Representative Plaintiff is a member of the Collective she seeks to represent because she worked for Defendant as a Trainer during the relevant period and was routinely suffered or permitted to work more than 40 hours per week, as described above, and was not paid for all time worked, including an overtime premium rate for the time she worked over 40 hours per week.

52.    Specifically, Defendant engaged in common schemes to avoid paying Representative Plaintiff and other similarly-situated Trainers for all time worked, including overtime pay, by requiring them to record only 40 hours each week, regardless of the actual time worked. Representative Plaintiff and other similarly-situated Trainers regularly worked between 80-90 hours each week, but were only paid for 40 hours each week.

53. This action may be properly maintained as a Collective because:

    a. Representative Plaintiff and other similarly-situated Trainers were all paid an hourly rate;

    b. Representative Plaintiff and other similarly-situated Trainers worked in excess of 40 hours per week;

    c. Regardless of their job title or location, Defendant did not pay Representative Plaintiff and other similarly-situated Trainers for all time worked, including an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

    d. Defendant maintained common timekeeping and payroll systems and policies with respect to Representative Plaintiff and other similarly-situated Trainers, regardless of their job title or location.

54. Defendant encouraged, suffered, and permitted Representative Plaintiff and other similarly-situated Trainers to work more than forty (40) hours per week without proper compensation, including overtime compensation.

55. Defendant knew that Representative Plaintiff and other similarly-situated Trainers performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Representative Plaintiff and other similarly-situated Trainers of wages and overtime compensation.

56. Defendant's conduct as alleged herein was willful and has damaged Representative Plaintiff and other similarly-situated Trainers.

57. Defendant is liable under the FLSA for failing to properly compensate Representative Plaintiff and the collective class. Representative Plaintiff requests that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid wages, overtime compensation, liquidated damages under the FLSA, and other relief requested herein.

58. Representative Plaintiff estimates that the collective class, including both current and former employees over the relevant period, will include at least fifty (50) members. The precise number of collective class members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail, text message, and e-mail.

59. This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the Collective with respect to their job titles, job duties, and compensation plan, and are all subject to a common practice, policy, or plan in which Defendant suffered and permitted them to perform work for its benefit in excess of 40 hours in given workweeks without proper compensation, including overtime compensation.

60. Defendant knew or should have known that the members of the Collective worked in excess of forty (40) hours in given workweeks.

61. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

62. Defendant is liable under the FLSA for failing to properly compensate members of the Collective. Representative Plaintiff requests that the Court authorize notice to the members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

**COUNT I**
**FLSA – Overtime Wages**
**(On Behalf of Representative Plaintiff and the Collective)**

63. Representative Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

64. Defendant operates as an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

65. Representative Plaintiff and other similarly-situated Trainers are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

66. FLSA Section 207(a)(1) states that an individual must be paid an overtime rate, equal to at least 1½ times the individual's regular rate of pay, for all hours worked in excess of 40 hours per week.

67. Throughout the relevant period, Defendant violated the FLSA by routinely suffering and/or permitting Representative Plaintiff and other similarly-situated Trainers to work over 40 hours per week without paying them overtime wages for these hours.

68. Throughout the relevant period, Representative Plaintiff and other similarly-situated Trainers worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those hours.

69. The foregoing actions of Defendant violated the FLSA.

70. Defendant's actions were willful and not in good faith.

71. Representative Plaintiff and other similarly-situated Trainers have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages, including overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

72. Defendant is liable to Representative Plaintiff and other similarly-situated Trainers for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs, and expenses.

73. Representative Plaintiff and other similarly-situated Trainers are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiff Karen Jones, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against the Defendant and in favor of the Representative Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate them for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A. Certify a collective action under Count I and designate Plaintiff as representative of all those individuals similarly situated;

B. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, home addresses, and e-mail addresses of all Trainers or any other similarly-titled, hourly-paid position who have worked for the Defendant within the last three years;

C. Authorize Representative Plaintiff's counsel to issue notice via U.S. mail, text message, and e-mail at the earliest possible time to all Trainers or any other

similarly-titled, hourly paid position who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of wages, including overtime compensation, as required by the FLSA;

D. Appoint Stephan Zouras, LLP to serve as Class Counsel for the Collective;

E. Declare and find that Defendant willfully violated provisions of the FLSA;

F. Award all available compensatory damages on Representative Plaintiff's claims, including all overtime compensation owed, in an amount according to proof;

G. Award judgment in favor of Representative Plaintiff and against Defendant for an amount equal to Representative Plaintiff's and the Collective members' unpaid wages, including overtime compensation;

H. Award liquidated damages in accordance with the FLSA;

I. Award any prejudgment and post-judgment interest as provided by law;

J. Award all legal and equitable relief available under law;

K. Award Representative Plaintiff's attorneys' reasonable fees and costs of the collective action, to be paid by Defendant, in accordance with the FLSA;

L. Award a reasonable incentive award for Representative Plaintiff to compensate her for the time and effort she spent protecting the interests of other Trainers and the risks she has undertaken;

M. Grant leave to amend to add claims under applicable state and federal laws;

N. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

O. For such further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: December 2, 2020    Respectfully Submitted,

*/s/ Andrew C. Ficzko*
Ryan F. Stephan

James B. Zouras
Andrew C. Ficzko
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312-233-1550
312-233-1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

**ATTORNEYS FOR THE PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on December 2, 2020, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

                                                */s/ Andrew C. Ficzko*